GEORGE BENZ & SONS v. CALEB K. HASSIE AND ANOTHER.[1]

October 18, 1940.

No. 32,428.

[1]Reported in 294 N. W. 412.

*Jack Tarbox,* for appellants.
*Paul C. Thomas,* for respondent.

STONE, JUSTICE.

This unlawful detainer action was tried *de novo* in the municipal court of the city of St. Paul on appeal from the court of a justice of the peace. The decision was for plaintiff. Defendants appeal from the judgment.

The involved property is the Glendale Apartments on Wabasha street, St. Paul, which, during the determinative period, defendant Hassie had rented from plaintiff. The lease prohibited not only an assignment by the lessee, but also subletting of "the whole, or any part, of said premises" without written consent of the lessor. That provision was emphasized by another, prohibiting occupancy by any other person than the lessee, jointly with him or otherwise, without similar permission.

■ Without merit is the argument for defendants that the lessee, Hassie, did not at least sublet, without the lessor's consent and therefore in violation of the lease, the whole premises to his codefendant, Pearson. All else aside, there is in evidence a written notice and demand served on plaintiff by Miss Pearson. Therein she asserted that "by virtue of an arrangement" between herself and Hassie she was in possession of the apartments and that the agreement putting her in such possession was that she "should run, conduct and operate said business." Her assertion was of complete possession, impliedly excluding all others. As a witness, Hassie admitted that the assertions thus made by his codefendant were true. There is no claim that plaintiff consented to the subletting. Without such consent, it was a

violation of the lease for which a breach could be and was declared.

That conclusion is not avoided by the fact that Miss Pearson averred that, although she was in exclusive occupancy and conducting the "business," she was doing so "under the supervision and with the consent of * * * Hassie" under an obligation on her part to apply "the excess of the profits made therefrom" upon an indebtedness of Hassie to her. The purpose of Miss Pearson's exclusive possession and the use to be made by her of the profits do not get us away from the conclusion that there was a subletting. Anyway, it is futile to affirm that the indicated evidence, without more, was inadequate to sustain the finding that there was a breach.

■ There is an unfounded claim for the defense that after and with knowledge of the breach plaintiff accepted rent. The rent in question accrued September 1, 1939. It was attempted to be paid September 12, partly in cash and partly in checks, to a clerk at plaintiff's office. There is no finding and no showing that plaintiff's clerk, to whom Hassie tendered the money, was authorized even to receive it for the plaintiff. That aside, and assuming that the clerk had authority to collect rent, she had none to waive any term of the lease or a forfeiture thereunder.

In the handling of Hassie's money and checks by plaintiff there was no delay. On the contrary, there was action as prompt as could be desired. Upon getting the money and checks, the clerk promptly advised one of plaintiff's executives of the fact. Forthwith, he declined acceptance of rent and ordered the checks and money returned to Hassie, who refused to accept them. Plaintiff's tender has been kept good.

Judgment affirmed.